IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN A. EDWARDS AND BRIAN A. BREWER - TRUSTEE., | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Civil Action No. ____**4:18-cv-00080**____ |
| PENNYMAC LOAN SERVICES, LLC., | § § § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1446 and LOCAL RULE 81.1, Defendant PennyMac Loan

Services, LLC ("PennyMac") removes Cause No. 17-12-15781, *Melvin A. Edwards, et al. v.*

*PennyMac Loan Services, LLC* from the 284th Judicial District Court, Montgomery County, Texas

to the United States District Court for the Southern District of Texas, Houston Division.

## I.
### INTRODUCTION

Plaintiffs Melvin A. Edwards ("Edwards") and Brian A. Brewer – Trustee ("Brewer")

(collectively, the "Plaintiffs") filed their Original Petition and Application for Injunctive Relief (the

"Petition") in state court on December 28, 2017.[1] Plaintiffs seek unspecified actual and exemplary

damages for PennyMac's purported breach of contract and violation of TEX. PROP. CODE § 5.065,[2]

and request permanent injunctive relief precluding PennyMac from foreclosing a deed of trust lien

that Edwards admittedly gave to secure his purchase of real property in Montgomery County.[3]

---

[1] **Exhibit A-2:** Original Petition.

[2] *Id*. at ¶¶19-20.

[3] *Id*. at ¶¶24-29.

An *ex parte* Temporary Restraining Order was entered in the state court action on December 29, 2017,[4] and, as a result, no foreclosure sale has been completed.  PennyMac filed its Original Answer to Plaintiffs' Petition on January 8, 2018.[5]

**II.**
**TIMELINESS AND CONSENT TO REMOVAL**

Plaintiffs filed their Petition in state court on December 28, 2017.[6] As of the filing of this Notice of Removal, PennyMac has not been formally served with process in the state court action. Accordingly, this Notice of Removal is timely filed within thirty (30) days of service of Plaintiffs' Petition as is required by 28 U.S.C. §1446(b)(1). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

PennyMac is the only defendant in this action and, therefore, all named defendants have consented to and joined in this removal.  *See* 28 U.S.C. §1446(b)(2)(A).

**III.**
**VENUE IS APPROPRIATE IN THE HOUSTON DIVISION**

Venue is proper in the U.S. District Court for the Southern District of Texas, Houston Division, because this district and division includes Montgomery County, Texas—the location of the pending state court action.  *See* 28 U.S.C. §124(b)(2)(stating that the Houston Division of the Southern District includes Montgomery County).

---

[4]   **Exhibit A-5:** Temporary Restraining Order.

[5]   **Exhibit A-6:** Original Answer.

[6]   **Exhibit A-2:** Original Petition at p. 1.

## IV.
## PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. §1446(a) and LOCAL RULE 81, copies of all executed process, pleadings asserting causes of action and the answers thereto, orders signed by the state judge and the docket sheet filed in the state court action, as well as an index of matters being filed and a list of all counsel of record, are attached to this Notice of Removal.[7/]  PennyMac is filing a copy of the Notice of Removal with the Montgomery County 284th Judicial District Court, pursuant to 28 U.S.C. §1446(d).  No party has requested a jury trial.

## V.
## STATUTORY BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.      Diversity Jurisdiction: General Principles.**

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 355 (5th Cir. 2017).   "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (internal citations omitted).  Both statutory prerequisites for diversity jurisdiction are clearly present here.

**B.      Complete Diversity Exists.**

Plaintiff Edwards is a citizen and resident of Montgomery County, Texas, residing at 151 Forest Heights Lane, Montgomery, TX 77316 (the "Property").[8/]  Plaintiff Brewer – who has filed suit in his capacity as the trustee of an unnamed trust – is also a citizen and resident of Montgomery

---

[7/]   **Exhibit A:** Index of Matters Filed.

[8/]   **Exhibit A-2:** Original Petition at ¶¶2, 7-8. ("[Plaintiffs] are individuals who reside in and/or conduct business in Montgomery County, Texas.").

County, Texas.[9/]   Therefore, both Plaintiffs are citizens of Texas for diversity purposes.  *See*
*Bynane*, 866 F.3d at 357 (where a trustee brings suit in his or her capacity as trustee, only the
trustee's citizenship is considered and not that of any trust beneficiaries).

Defendant PennyMac is a Delaware limited liability company.  The citizenship of a limited
liability company, for diversity jurisdiction purposes, is determined by the citizenship of all of its
members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  PennyMac's
sole member is Private National Mortgage Acceptance Company, LLC ("PNMAC").  PNMAC is
also an LLC, whose members are PennyMac Financial Services, Inc. ("PFSI") and other private
investors.  As a corporation, PFSI is a citizen of the state where it is incorporated (Delaware) and
the state where it has its principal place of business (California). 28 U.S.C. § 1332(c)(1); *Lincoln*
*Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).   PNMAC's other individual members and
management all reside in California, New York and Massachusetts.  PNMAC is therefore a citizen
of Delaware, California, New York, and Massachusetts for diversity purposes.  Accordingly,
PennyMac is not a citizen of Texas because its only member, PNMAC, is not a citizen of Texas.

There is complete diversity in this case because no plaintiff is a citizen of the same state as
a properly joined defendant.  28 U.S.C. § 1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187
(1990).

**C.     The Amount in Controversy Exceeds $75,000.00.**

A court may determine that removal was proper if it is facially apparent from the complaint
that plaintiff's claims are likely to be above the jurisdictional amount. *De Aguilar v. Boeing Co.,* 11
F.3d 55, 57 (5th Cir. 1993).  When a plaintiff does not allege an amount of damages, "the removing
defendant must prove by a preponderance of the evidence that the amount in controversy equals or

---

[9/]    *Id*. at ¶2.

4

exceeds the jurisdictional amount." *Berniard v. Dow Chemical Co.,* No. 10–30497, 2010 WL 8750602, at *2 (5th Cir. Aug. 6, 2010) (citing *De Aguilar,* 11 F.3d at 58)).  Plaintiffs' Petition does not allege a specific amount of damages.  Rather, Plaintiffs seek permanent injunctive relief precluding PennyMac from foreclosing the Property.[10/]

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Com''n*, 432 U.S. 333, 347 (1977)).  In the foreclosure context, when the claimed injury is "the potential loss of use and ownership of the propert[y]," the value of the property determines the amount in controversy." *Id.* at 341; *Nationstar Mortg. LLC v. Knox,* 351 F. App'x 844, 848 (5th Cir. 2009) (applying "right to be protected" standard to cases involving wrongful foreclosure).

Here, the fair market value of the Property that Plaintiffs seek to prevent PennyMac from foreclosing, according to the most recent appraisal by the local taxing authority, is at least $198,120.00.[11/] It is therefore beyond dispute that the amount in controversy in this case exceeds $75,000.00.

## CONCLUSION

Having satisfied the requirements for removal under 28 U.S.C. §§ 1332, 1446 and LOCAL RULE 81.1, PennyMac gives notice that Cause No. 17-12-15781, now pending in the 284th Judicial District Court, Montgomery County, Texas, has been removed to this Court.

---

[10/]   **Exhibit A-2:** Original Petition at ¶¶24-29.

[11/]   *See* Montgomery County Appraisal District Summary attached as **Exhibit A-7**.  It is appropriate for the court to take judicial notice of the Montgomery County Appraisal District Summary because it is a public record and the information it provides is readily ascertainable and the source—the Montgomery County Appraisal District—cannot reasonably be questioned.  FED. R. EVID. 201(b)(2), 803(8); *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

Respectfully submitted,

By:    /s/ Joshua A. Huber
      Joshua A. Huber
      Attorney-in-Charge
      State Bar No. 24065457
      SD Tex. Bar No. 1001404
      BLANK ROME LLP
      717 Texas Avenue, Suite 1400
      Houston, Texas 77002
      (713) 228-6601
      (713) 228-6605 (fax)
      jhuber@blankrome.com

**ATTORNEY FOR DEFENDANT PENNYMAC LOAN SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2018, a true and correct copy of the foregoing and/or attached instrument was served on all counsel of record pursuant to the Federal Rules of Civil Procedure through the Southern District of Texas CM/ECF E-File System and as indicated below:

Robert C. Vilt
Erick Delarue
VILT AND ASSOCIATES, P.C.
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
**Via E-mail: clay@viltlaw.com**
**Via E-mail: erick@viltlaw.com**

         /s/ Joshua A. Huber
      Joshua A. Huber